United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                          Case No. 14-11465-elf
Linda A. Duren                                                                  Chapter 13
    Debtor

# CERTIFICATE OF NOTICE

District/off: 0313-4          User: Marie          Page 1 of 1          Date Rcvd: Dec 05, 2019
                              Form ID: 3180W       Total Noticed: 14

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Dec 07, 2019.
```
db            +Linda A. Duren,    444 Weidman Avenue,    Reading, PA 19608-1224
smg           +Bureau of Audit and Enforcement,    City of Allentown,    435 Hamilton Street,
                Allentown, PA 18101-1603
smg            City Treasurer,    Eighth and Washington Streets,    Reading, PA  19601
smg           +Dun & Bradstreet, INC,    3501 Corporate Pkwy,    P.O. Box 520,    Centre Valley, PA 18034-0520
smg           +Lehigh County Tax Claim Bureau,    17 South Seventh Street,    Allentown, PA 18101-2401
smg           +Tax Claim Bureau,    633 Court Street,    Second Floor,    Reading, PA 19601-4300
13259968      +Admin Recovery,    6225 Sheridan Dr, Ste 118,    Amherst NY 14221-4800
13290627      +EverBank,    301 West Bay Street,    Jacksonville, Florida 32202-5180
13443866       Green Tree Servicing LLC,    P.O. Box 44265,    Jacksonville, FL 32231-4265
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg            E-mail/Text: RVSVCBICNOTICE1@state.pa.us Dec 06 2019 03:16:21
                Pennsylvania Department of Revenue,    Bankruptcy Division,    P.O. Box 280946,
                Harrisburg, PA  17128-0946
smg           +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Dec 06 2019 03:16:33      U.S. Attorney Office,
                c/o Virginia Powel, Esq.,    Room 1250,    615 Chestnut Street,    Philadelphia, PA 19106-4404
13259780      +EDI: CINGMIDLAND.COM Dec 06 2019 08:13:00      AT&T Mobility II LLC,    % AT&T Services, Inc,
                Karen Cavagnaro, Paralegal,    One AT&T Way, Room 3A104,    Bedminster, NJ 07921-2693
13259581       E-mail/PDF: resurgentbknotifications@resurgent.com Dec 06 2019 03:23:55      CACH, LLC,
                PO Box 10587,    Greenville SC 29603-0587
13280831       EDI: WFFC.COM Dec 06 2019 08:13:00      Wells Fargo Bank, N.A.,    P.O. Box 19657,
                Irvine, CA 92623-9657
                                                                                              TOTAL: 5
```

     ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 07, 2019                                  Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on December 5, 2019 at the address(es) listed below:
```
          CHRISTOPHER A. DENARDO    on behalf of Creditor    Green Tree Servicing LLC, et al pabk@logs.com
          CHRISTOPHER A. DENARDO    on behalf of Creditor    EverBank pabk@logs.com
          JOSEPH T. BAMBRICK, JR.    on behalf of Debtor Linda A. Duren NO1JTB@juno.com
          KEVIN S. FRANKEL    on behalf of Creditor    Ditech Financial LLC FKA Green Tree Servicing LLC
           pa-bk@logs.com
          LEEANE O. HUGGINS    on behalf of Creditor    Ditech Financial LLC FKA Green Tree Servicing LLC
           pabk@logs.com
          LEEANE O. HUGGINS    on behalf of Creditor    Green Tree Servicing LLC, et al pabk@logs.com
          LISA MARIE CIOTTI    on behalf of Trustee FREDERICK L. REIGLE ecfmail@fredreiglech13.com,
           ecf_frpa@trustee13.com
          PETER J. ASHCROFT    on behalf of Creditor    EverBank pashcroft@bernsteinlaw.com,
           ckutch@ecf.courtdrive.com;acarr@bernsteinlaw.com
          REBECCA ANN SOLARZ    on behalf of Creditor    Ditech Financial LLC bkgroup@kmllawgroup.com
          REBECCA ANN SOLARZ    on behalf of Creditor    DITECH FINANCIAL LLC bkgroup@kmllawgroup.com
          SCOTT F. WATERMAN (Chapter 13)    ECFMail@ReadingCh13.com
          United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
          WILLIAM EDWARD CRAIG    on behalf of Creditor    Wells Fargo Bank, N.A. d/b/a Wells Fargo Dealer
           Services ecfmail@mortoncraig.com,    mhazlett@mortoncraig.com;mortoncraigecf@gmail.com
                                                                                              TOTAL: 13
```

| **Information to identify the case:** | |
|---|---|
| Debtor 1 **Linda A. Duren** | Social Security number or ITIN  **xxx–xx–4060** |
| First Name   Middle Name   Last Name | EIN  _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | Social Security number or ITIN  _ _ _ _ |
| First Name   Middle Name   Last Name | EIN  _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court  **Eastern District of Pennsylvania** | |
| Case number: **14–11465–elf** | |

# Order of Discharge                                                                                    12/18

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

   Linda A. Duren

<u>12/5/19</u>                                **By the court:**    <u>Eric L. Frank</u>
                                                          United States Bankruptcy Judge

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

- ♦ debts that are domestic support obligations;

- ♦ debts for most student loans;

- ♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2**

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for restitution, or a criminal fine, included in a sentence on debtor's criminal conviction;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**